IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH A. D., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Case No. 3:19-cv-01228-BT |
| ANDREW SAUL, § | |
| Commissioner of the § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph A. D.[1] filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the Commissioner's decision is REVERSED and REMANDED for further consideration consistent with this opinion.

**Background**

Plaintiff alleges that he is disabled due to several physical and mental impairments, including back problems, scoliosis, acid reflux, bad knees, attention deficit disorder/attention deficit hyperactivity disorder, bipolar disorder, and depression. Pl.'s Br. 1 (ECF No. 17); Administrative Record 35, 39, 41-42 (A.R.)

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

(ECF No. 14-1). He alleges disability beginning November 1, 2011. Pl.'s Br. 1. After his applications for disability insurance benefits under Title II and supplemental security income under Title XVI were denied initially, and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). That hearing took place in Dallas, Texas on April 13, 2018. A.R. 28. At the time of the hearing, Plaintiff was 32 years old. *Id.* at 32. He has a high school education, can communicate in English, *id.*, and has past work experience as a lubrication servicer, tire repairer, and a material handler, *id.* at 48.[2]

The ALJ issued her written decision on July 3, 2018. *Id.* at 21. The ALJ found that Plaintiff was not disabled and, therefore, not entitled to supplemental security income or disability insurance benefits. *Id.* At step one of the five-step sequential evaluation,[3] the ALJ found Plaintiff had not engaged in substantial gainful activity

---

[2] The ALJ found, however, that Plaintiff has no past relevant work under 20 C.F.R. §§ 404.1565 and 416.965.

[3] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler,* 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

since November 1, 2011. A.R. 13. At step two, the ALJ found that Plaintiff "failed to produce evidence sufficient to establish any severe impairments prior to his date last insured" of December 31, 2013 and terminated her consideration of Plaintiff's claim for Title II benefits. *Id.* With respect to Plaintiff's claim for Title XVI benefits, however, the ALJ found that he had the severe impairments of affective disorders and spine disorders. *Id.* At step three, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 15. At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work, except that he can "understand, remember[,] and carry out detailed, but not complex instructions[;] make decisions[;] attend and concentrate for extended periods[;] occasionally interact with coworkers, supervisors, and/or the public[;] and respond to change in routine work settings." *Id.* at 17. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could perform the work of cleaner/housekeeper, assembler of small products, or mail clerk, jobs that exist in significant numbers in the national economy. *Id.* at 21.

Plaintiff appealed the hearing decision to the Appeals Council. The Appeals Council denied Plaintiff's request for review. *Id.* at 1. Plaintiff then filed this action in federal district court on May 21, 2019, arguing: (1) the ALJ erred in failing to evaluate the medical evidence of record prior to November 12, 2015 in determining that Plaintiff did not have a severe impairment prior to that date; (2) the ALJ erred in failing to make a finding as to whether Plaintiff could maintain employment;

3

and (3) the ALJ erred in failing to evaluate the opinion of a treating source. Pl.'s Br. 1.

## Legal Standards

Judicial "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his or her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

**Analysis**

Plaintiff first argues that the ALJ erred in failing to evaluate the medical evidence of record prior to the date last insured in determining that he did not have a severe impairment prior to that date. Pl.'s Br. 9. As stated above, at step two in the sequential evaluation, the ALJ found that Plaintiff had "failed to produce evidence sufficient to establish any severe impairment prior to his date last insured," December 31, 2013; the remainder of the decision, therefore, "pertain[ed] only to [Plaintiff's] Title XVI application" and did not further analyze Plaintiff's entitlement to benefits under Title II. A.R. 13. Plaintiff maintains that, because the ALJ did not explain how she reached her conclusion that Plaintiff had not established a severe impairment prior to his date last insured, the Court cannot conduct meaningful judicial review of that finding. Pl.'s Br. 13 (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)). The Court agrees.

When the Commissioner makes a determination of disability that is in whole or in part unfavorable to the claimant, the Commissioner is required to discuss the evidence and state the reason or reasons upon which the determination is based. 42 U.S.C. § 405(b)(1). In other words, an ALJ is required to discuss the evidence and explain the basis for her findings at each unfavorable step in the sequential evaluation process. *See Audler*, 501 F.3d at 448. In *Audler*, the Fifth Circuit held that the ALJ's "bare conclusion" that the claimant's impairments were severe, but not severe enough to meet or medically equal one of the listed impairments at step three, was error because "[t]he ALJ did not identify the listed impairment for

5

which [the claimant's] symptoms fail[ed] to qualify, nor did she provide any explanation as to how she reached the conclusion that [the claimant's] symptoms [were] insufficiently severe to meet any listed impairment." *Id.* The court explained that, "[b]y the explicit terms of the statute, the ALJ was required to discuss the evidence offered in support of [the claimant's] claim for disability and explain why she found [the claimant] not to be disabled at that step." *Id.* (citing 42 U.S.C. § 405(b)(1)). Noting that an ALJ is not "always required to do an exhaustive point-by-point discussion," the court stated that it simply could not "tell whether her decision [was] based on substantial evidence" because she "offered nothing to support her conclusion at this step." *Id.* (quoting *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). At least one court in the Fifth Circuit has found the reasoning in *Audler* applicable to an ALJ's adverse determination at step two. *See Harmon v. United States Commissioner*, 2015 WL 9226138, at *7 (W.D. La. Nov. 17, 2015) ("Although the Fifth Circuit was addressing a step three finding when it articulated this principle, the Court finds that the principle is equally applicable to the ALJ's step two finding in this case."), *adopted by* 2015 WL 9237079 (W.D. La. Dec. 16, 2015).

    Here, the ALJ committed error under *Audler*. The Court finds that, while Plaintiff alleges the ALJ committed error at step two rather than at step three, *Audler* is applicable and its reasoning is instructive. Plaintiff provided medical records from Lakes Regional Mental Health and Mental Retardation Center for the period from January 29, 2013 to the present (the "2013 Lakes MHMR Records").

But, without discussing, or even citing, the 2013 Lakes MHMR Records, the ALJ concluded that Plaintiff had not established that he had a severe impairment prior to that date. This finding is conclusory and inadequate. *See Harris-Nutall v. Colvin*, 2016 WL 3906083, at *4 (N.D. Tex. July 19, 2016) (finding error under *Audler* where, at step three, ALJ "fail[ed] to discuss the medical evidence or provide the reasons for [his] determination" that "[t]here [was] no evidence the claimant ha[d] experienced the degree of physical pain and functional limitation required to meet or equal the criteria of [the listing under consideration]").

Here, the ALJ did not explain why the 2013 Lakes MHMR Records did not establish a severe impairment. Indeed, the ALJ did not discuss the 2013 Lakes MHMR Records with respect to her step-two determination, or otherwise cite them anywhere else in the decision to lend support for her step-two determination. *See McCullough v. Berryhill*, 2019 WL 1431124, at *3 (W.D. Tex. Mar. 29, 2019) (finding no error under *Audler* where ALJ identified listing and impairment under consideration at step three and "discussed the evidence, or lack thereof, in other sections of her decision"); *Casillas v. Colvin*, 2016 WL 3162146, at *3 (W.D. Tex. June 3, 2016) (finding no error under *Audler* where, at step three, ALJ "not only identified Listing 1.04, but also noted the specific impairment(s) under consideration, pointed out that the medical evidence was relatively weak, and identified the criteria that was not met"). In fact, after finding that Plaintiff had not presented sufficient evidence of a severe impairment prior to his date last insured at step two, the ALJ explicitly stated that "the remainder of th[e] decision

7

pertain[ed] only to the claimant's Title XVI application with its preferred filing date of November 12, 2015." A.R. 13. Without any support for her adverse determination at step two, the Court cannot know the ALJ's rationale for concluding that Plaintiff did not have a severe impairment prior to December 31, 2013. Thus, the Court cannot evaluate whether the finding is supported by substantial evidence. This is error under *Audler*.

The Commissioner contends that the ALJ committed no error because the evidence in the record does not indicate that Plaintiff had a severe impairment prior to his date last insured. Resp. 5 (ECF No. 22). The 2013 Lakes MHMR Records that the ALJ did not discuss include: (1) a report dated January 29, 2013 acknowledging that Plaintiff has bipolar 1 disorder, that he has depressive episodes five days per week, and that he was prescribed psychosocial rehabilitation services every two weeks and medication for psychiatric symptoms, A.R. 384-85; (2) a progress noted dated February 25, 2013 acknowledging that Plaintiff reported injecting methamphetamine in the last five days, *id.* at 392; (3) a progress note dated March 11, 2013 acknowledging that Plaintiff stated he was not off drugs, *id.*; and (4) a psychiatric evaluation by Dr. Anupama Sivakumar, M.D., dated March 15, 2013 indicating moderate mania, depression, irritability, etc. and diagnosing Plaintiff with bipolar 1 disorder, anxiety disorder, and amphetamine abuse, *id.* at 426-27. The Commissioner argues that none of these records include clinical findings showing that Plaintiff's mental conditions interfered with his ability to work, and diagnoses on their own do not establish work-related limitations. Resp.

8

5. The Commissioner also points out that Plaintiff did not seek medical treatment until over a year after his alleged onset date. *Id.* Alternatively, the Commissioner argues that even if Plaintiff's alleged mental condition was a severe impairment prior to his date last insured, he failed to show that he had a severe mental impairment for the requisite 12 months. *Id.* at 6 (citing 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a)).

Plaintiff argues that the Commissioner improperly relies on his own analysis of the record evidence prior to Plaintiff's date last insured and that courts "may not accept appellate counsel's post hoc rationalizations for agency action." Reply 1-2 (ECF No. 23) (citing *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1995)). Indeed, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). A reviewing court cannot consider rationales supporting an ALJ's decision that are not invoked by the ALJ. *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Chenery*, 332 U.S. at 196. *See also Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) (finding district court engaged in improper post-hoc rationalization where it speculated that ALJ did not evaluate claimant's VA disability in severity determination because VA deemed him disabled for less than one year).

9

Where an ALJ has committed error under *Audler*, the decision is nonetheless subject to a harmless error analysis to determine whether remand is required. *Audler*, 501 F.3d at 448. An error is not harmless if it "affects the substantial rights of a party." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Under *Audler*, an error is typically not harmless if a claimant can demonstrate that his impairment satisfies the criteria of a particular listing. *See Audler*, 501 F.3d at 448-49; *Hermosillo v. Astrue,* 2011 WL 4528206, at *4-5 (N.D. Tex. Sept. 12, 2011), *adopted by* 2011 WL 4528374 (N.D. Tex. Sept. 30, 2011). On the other hand, when an ALJ commits error—particularly, a *Stone* error[4]—at step two, the error is harmless if it is clear from the remaining steps in the sequential evaluation that the ALJ applied the appropriate standard and made a decision that is supported by substantial evidence. *See Jones v. Astrue*, 821 F. Supp. 2d 842, 850 (N.D. Tex. 2011).

Here, the Court concludes the ALJ's error at step two was not harmless. As mentioned above, the ALJ terminated her analysis with respect to Plaintiff's claim for Title II benefits after cursorily finding that Plaintiff had not established a severe impairment prior to his date last insured. Moreover, the ALJ did not cite or discuss any evidence from the record prior to Plaintiff's date last insured in the remainder

---

[4] Plaintiff also argues that the ALJ applied the incorrect severity standard at step two, thus committing error under *Stone v. Heckler*, 752 F.2d 1099, (5th Cir. 1985). The Court declines to address this argument, as the ALJ's error under *Audler* alone constitutes grounds for remand.

of the decision. Without analysis supporting her adverse finding at step two, or other indication from the decision that the ALJ considered the evidence of record from before Plaintiff's date last insured, the Court cannot determine whether the evidence at issue was properly considered—or considered at all. And because the Court cannot determine whether the evidence was properly considered in the first place, the Court cannot determine whether the ALJ may have reached a different conclusion as to Plaintiff's claim for Title II benefits had she properly considered the evidence. It is not "inconceivable that a different administrative conclusion would have been reached" with respect to Plaintiff's claim for Title II benefits absent the ALJ's error at step two. *See Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). Consequently, the Court cannot find that Plaintiff's substantial rights were not affected. The error is not harmless.

Because remand is appropriate on the grounds presented in Plaintiff's first argument, the Court pretermits discussion of Plaintiff's remaining arguments, that the ALJ failed to make a finding as to whether Plaintiff can maintain employment and failed to evaluate the opinion of a treating source. Plaintiff can raise these arguments before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## Conclusion

For the foregoing reasons, the hearing decision of the ALJ is REVERSED and REMANDED for further consideration consistent with this opinion.

**SO ORDERED**.

July 14, 2020.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE